IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jyneel McDuffie, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Lee Correctional Institution, South ) <br> Carolina Department of Corrections, ) <br> Ridgeland Correctional Institution, ) <br> Director of Medical, Dental of Lee, ) <br> ) <br>    Defendants. ) <br> _____ ) | Civil Action No. 9:24-cv-7682-BHH <br><br> **<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff Jyneel McDuffie's ("Plaintiff") pro se amended complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

  In an order dated January 31,2025, the Magistrate Judge instructed Plaintiff to bring his case into proper form by providing certain documents, and the Magistrate Judge informed Plaintiff of pleading deficiencies and gave Plaintiff the opportunity to amend his complaint. (ECF No. 3.) Two extensions of time were granted, but Plaintiff failed to bring his case into proper form, and he has not filed an amended complaint.

  On June 11, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this matter because the complaint fails to state a claim against Defendants; because Defendants are not "persons" amenable to suit under § 1983; and because Plaintiff failed to bring his case into proper form. (ECF No. 12.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report

within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12), and the Court dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 16, 2025
Charleston, South Carolina